## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZACHRY HOLDINGS, INC., *et al.*[1] | ) | Case No. 24-90377 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| FLNG LIQUEFACTION, LLC; | ) | |
| FLNG LIQUEFACTION 2, LLC; and | ) | |
| FLNG LIQUEFACTION 3, LLC, | ) | Adv. Pro. No. 24-03189 (MI) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZACHRY INDUSTRIAL, INC.; | ) | |
| ZACHRY INDUSTRIES, INC.; | ) | |
| JVIC DEMERGER FABRICATION, INC.; | ) | |
| ZACHRY ENTERPRISE SOLUTIONS | ) | |
| DEMERGER, INC.; CB&I LLC n/k/a; | ) | |
| MCDERMOTT INTERNATIONAL | ) | |
| LTD.; CHIYODA INTERNATIONAL | ) | |
| CORPORATION; and PSRG, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

[1] The last four digits of Zachry Holdings, Inc.'s tax identification number are 6814. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at www.veritaglobal.net/ZHI. The location of the Debtors' service address in these chapter 11 cases is: P.O. Box 240130, San Antonio, Texas 78224.

|  |  |
|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE CO.; CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. B0180ME2219036; GREAT LAKES INSURANCE SE; GUIDEONE NATIONAL INSURANCE COMPANY; and TOKIO MARINE AMERICA INSURANCE COMPANY, as subrogees of FLNG Policy Procurement LLC; FLNG Liquefaction, LLC; FLNG Liquefaction 2, LLC; and FLNG Liquefaction 3, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ZACHRY INDUSTRIAL, INC.; ZACHRY INDUSTRIES, INC.; JVIC DEMERGER FABRICATION, INC.; ZACHRY ENTERPRISE SOLUTIONS DEMERGER, INC.; CB&I LLC n/k/a; MCDERMOTT INTERNATIONAL LTD.; CHIYODA INTERNATIONAL CORPORATION; and PSRG, INC.,<br><br>Defendants. | Adv. Pro. No. 24-03190 (MI) |

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Appellants FLNG Liquefaction, LLC; FLNG Liquefaction 2, LLC; FLNG Liquefaction 3, LLC, Allianz Global Risks US Insurance Co.; Certain Underwriters at Lloyd's of London Subscribing to Policy No. B0180ME2219036; Great Lakes Insurance SE; Guideone National Insurance Company; and Tokio Marine America Insurance Company, as subrogees of FLNG Policy Procurement LLC; FLNG Liquefaction, LLC; FLNG Liquefaction 2, LLC; and FLNG Liquefaction 3, LLC (collectively the "Appellants"), by and

through their undersigned counsel; file this Notice of Appeal pursuant to 28 U.S.C. § 158(a)(1) and Rule 8003 of the Federal Rules of Bankruptcy Procedure.

Appellants appeal to the United States District Court for the Southern District of Texas the Order on (I) Motions to Dismiss the Subrogation Actions and (II) Related Claim Objection [Bankruptcy Case Docket No. 1469; Adv. Pro. No. 24-03189 Docket No. 65; and Adv. Pro. No. 24-03190 Docket No. 58] (the "Final Order", attached hereto as **Exhibit A** and incorporated herein by reference). *See also* the transcript of the November 18, 2024 hearing attached hereto as **Exhibit B** and incorporated herein by reference, at pp. 58-65.

## PART 1:    IDENTIFY THE APPELLANT

1.    **Names of the Appellants:**

    **FLNG Liquefaction, LLC; FLNG Liquefaction 2, LLC; and FLNG Liquefaction 3, LLC**

        Ken Green (Texas Bar No. 24050698)
        Bryan Prentice (Texas Bar No. 24099787)
        **Bonds Ellis Eppich Schafer Jones LLP**
        402 Heights Blvd.
        Houston, Texas 77007
        (713) 335-4990 telephone
        (713) 335-4991 facsimile
        Email: ken.green@bondsellis.com

        -and-

        Brook Minx (Texas State Bar No. 00789905)
        Kevin Hood (Texas State Bar No. 09941100)
        Zabel Freeman
        1135 Heights Blvd.
        Houston, Texas 77008
        (713) 802-9117 telephone
        (713) 802-9114 facsimile
        Email: bminx@zflawfirm.com

    **Allianz Global Risks US Insurance Co.; Certain Underwriters at Lloyd's of London Subscribing to Policy No. B0180ME2219036; Great Lakes Insurance SE; Guideone National Insurance Company; and Tokio Marine America**

**Insurance Company, as subrogees of FLNG Policy Procurement LLC; FLNG Liquefaction, LLC; FLNG Liquefaction 2, LLC; and FLNG Liquefaction 3, LLC**

Ken Green (Texas Bar No. 24050698)
Bryan Prentice (Texas Bar No. 24099787
**Bonds Ellis Eppich Schafer Jones LLP**
402 Heights Blvd.
Houston, Texas 77007
(713) 335-4990 telephone
(713) 335-4991 facsimile
Email: ken.green@bondsellis.com

-and-

EVAN J. MALINOWSKI, ESQ.
Texas Bar No. 24119454
PAUL B. HINES, ESQ.
Texas Bar No. 24104750
emalinowski@dt-law.com
phines@dt-law.com
Denenberg Tuffley, PLLC
28411 Northwestern Hwy., Ste. 600
Southfield, MI 48034
Phone: (248) 549-3900
Fax: (248) 593-5808

2.  **Positions of the appellants in the adversary proceeding or bankruptcy case that is the subject of this appeal:**

    Creditors

**PART 2:    IDENTIFY THE SUBJECT OF THIS APPEAL**

1.  **Describe the judgment, order, or decree appealed from:**

    The Order on (I) Motions to Dismiss the Subrogation Actions and (II) Related Claim Objection [Bankruptcy Case Docket No. 1469; Adv. Pro. No. 24-03189 Docket No. 65; and Adv. Pro. No. 24-03190 Docket No. 58]

2.  **State the date on which the judgment, order, or decree was entered:**

    The Final Order was entered on November 20, 2024 in Adv. Pro. No. 24-03189 and on November 21, 2024 in the Bankruptcy Case and Adv. Pro. No. 24-03190.

**PART 3:    IDENTIFY THE OTHER PARTIES TO THIS APPEAL**

1.    **Party:**

**Debtors and Debtors in Possession**

> **WHITE & CASE LLP**
> Charles R. Koster (Texas Bar No. 24128278)
> 609 Main Street, Suite 2900
> Houston, Texas 77002
> Telephone: (713) 496-9700
> Facsimile: (713) 496-9701
> Email: charles.koster@whitecase.com
>
> -and-
>
> Bojan Guzina (admitted pro hac vice)
> Andrew F. O'Neill (admitted pro hac vice)
> Fan B. He (admitted pro hac vice)
> Adam Swingle (admitted pro hac vice)
> Barrett Lingle (admitted pro hac vice)
> 111 South Wacker Drive, Suite 5100
> Chicago, Illinois 60606
> Telephone: (312) 881-5400
> Email: bojan.guzina@whitecase.com
>     aoneill@whitecase.com
>     fhe@whitecase.com
>     adam.swingle@whitecase.com
>     barrett.lingle@whitecase.com

**Zachry Industrial, Inc.; Zachry Industries, Inc.; JVIC Demerger Fabrication, Inc.; and Zachry Enterprise Solutions Demerger, Inc.**

> **HICKS THOMAS LLP**
> John B. Thomas (Attorney-in-Charge)
> Texas Bar No. 19856150
> S.D. Tex. ID No. 10675
> jthomas@hicks-thomas.com
> Eric Grant
> Texas Bar No. 24076167
> S.D. Tex. ID No. 1786107
> grant@hicks-thomas.com
> D. Ryan Cordell, Jr.
> Texas Bar No. 24109754
> S.D. Tex. ID No. 3455818
> rcordell@hicks-thomas.com
> 700 Louisiana Street, Suite 2300
> Houston, Texas 77002

Telephone:  (713) 547-9100
Facsimile:  (713) 547-9150

**CB&I LLC**

**THE KIM LAW FIRM**
John H. Kim
Federal ID No. 15626
State Bar No. 00784393
Denise H. Kim
Federal ID No. 56991
State Bar No. 24010933
4309 Yoakum Blvd., Suite 2000
Houston, Texas 77006
Telephone: (713) 522-1177
Facsimile: (888) 809-6793
jhk@thekimlawfirm.com
denise@thekimlawfirm.com

-and-

**BAKER & McKENZIE LLP**
Jack W. Massey
Federal ID No. 658576
State Bar No. 24051004
Matthew C. Rawlinson
Federal ID No. 24546
State Bar No. 24013379
Stephanie M. Brown
Federal ID No. 3899385
State Bar No. 24126339
800 Capitol St., Suite 2100
Houston, Texas 77002
Telephone: (713) 427-5000
Facsimile: (713) 427-5099
jack.massey@bakermckenzie.com
matthew.rawlinson@bakermckenzie.com
stephanie.brown@bakermckenzie.com

**CHIYODA INTERNATIONAL CORPORATION**

**HAYNES AND BOONE, LLP**
Charles A. Beckham, Jr. (TX Bar No. 02016600)
Kelli Norfleet (TX Bar No. 24070678)
Imaan Patel (TX Bar No. 24139247)
1221 McKinney Street, Suite 4000

6

Houston, Texas 77010
Telephone: (713) 547-2000
Email: charles.beckham@haynesboone.com
       kelli.norfleet@haynesboone.com
       imaan.patel@haynesboone.com

 -and-

Charles M. Jones II (TX Bar No. 24054941)
Martha Wyrick (TX Bar No. 24101606)
2801 N. Harwood Street, Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Email: charlie.jones@haynesboone.com
       martha.wyrick@haynesboone.com

-and-

Brian Singleterry (TX Bar No. 24098433)
301 Commerce Street, Suite 2600
Fort Worth, Texas 76102
Telephone: (817) 347-6600
Email: brian.singleterry@haynesboone.com

**PSRG, INC.**

**BUSH & RAMIREZ PLLC**
Paul Catalano
State Bar No. 03998400
Federal Bar No. 14894
pcatalano@bushramirez.com
Marshall G. Rosenberg
State Bar No. 12771450
Federal Bar No. 14933
mrosenberg@bushramirez.com
D. Alan Appling
State Bar No. 24092043
Federal Bar No. 2792731
aappling@bushramirez.com
5615 Kirby Drive, Suite 900
Houston, Texas 77005
713-626-1555- telephone
713-622-8077 - facsimile

**2.**     **Non-Parties that May Have an Interest in the Outcome of this Appeal:**

All Other Unsecured Creditors of Debtors.

Dated: December 2, 2024                     Respectfully submitted,
        Houston, Texas


                                            /s/ Ken Green
                                            Ken Green (Texas Bar No. 24050698)
                                            Bryan Prentice (Texas Bar No. 24099787)
                                            **Bonds Ellis Eppich Schafer Jones LLP**
                                            402 Heights Blvd.
                                            Houston, Texas 77007
                                            (713) 335-4990 telephone
                                            (713) 335-4991 facsimile
                                            Email: ken.green@bondsellis.com

                                            -and-
                                            Brook Minx (Texas State Bar No. 00789905)
                                            Kevin Hood (Texas State Bar No. 09941100)
                                            Zabel Freeman
                                            1135 Heights Blvd.
                                            Houston, Texas 77008
                                            (713) 802-9117 telephone
                                            (713) 802-9114 facsimile
                                            Email: bminx@zflawfirm.com

                                            -and-


                                            EVAN J. MALINOWSKI, ESQ.
                                            Texas Bar No. 24119454
                                            PAUL B. HINES, ESQ.
                                            Texas Bar No. 24104750
                                            emalinowski@dt-law.com
                                            phines@dt-law.com
                                            Denenberg Tuffley, PLLC
                                            28411 Northwestern Hwy., Ste. 600
                                            Southfield, MI 48034
                                            Phone: (248) 549-3900
                                            Fax: (248) 593-5808
                                            *Attorneys for Appellants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 2, 2024, I caused a copy of the foregoing document to be served by electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case.

*/s/ Ken Green*
Ken Green

# Exhibit A

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

November 21, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ZACHRY HOLDINGS, INC., *et al.*[1] | ) Case No. 24-90377 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| FLNG LIQUEFACTION, LLC; | ) |
| FLNG LIQUEFACTION 2, LLC; and | ) |
| FLNG LIQUEFACTION 3, LLC, | ) Adv. Pro. No. 24-03189 (MI) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| ZACHRY INDUSTRIAL, INC.; | ) |
| ZACHRY INDUSTRIES, INC.; | ) |
| JVIC DEMERGER FABRICATION, INC.; | ) |
| ZACHRY ENTERPRISE SOLUTIONS | ) |
| DEMERGER, INC.; CB&I LLC n/k/a; | ) |
| MCDERMOTT INTERNATIONAL | ) |
| LTD.; CHIYODA INTERNATIONAL | ) |
| CORPORATION; and PSRG, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

---

[1]    The last four digits of Zachry Holdings, Inc.'s tax identification number are 6814.  A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at www.veritaglobal.net/ZHI.  The location of the Debtors' service address in these chapter 11 cases is:  P.O. Box 240130, San Antonio, Texas 78224.

|                                                                                                                                                                                                                                                                                                                                                                                                                                  |     |                          |
| --- | --- | --- |
| ALLIANZ GLOBAL RISKS US INSURANCE CO.; CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. B0180ME2219036; GREAT LAKES INSURANCE SE; GUIDEONE NATIONAL INSURANCE COMPANY; and TOKIO MARINE AMERICA INSURANCE COMPANY, as subrogees of FLNG Policy Procurement LLC; FLNG Liquefaction, LLC; FLNG Liquefaction 2, LLC; and FLNG Liquefaction 3, LLC | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adv. Pro. No. 24-03190 (MI) |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) |  |
| ZACHRY INDUSTRIAL, INC.; ZACHRY INDUSTRIES, INC.; JVIC DEMERGER FABRICATION, INC.; ZACHRY ENTERPRISE SOLUTIONS DEMERGER, INC.; CB&I LLC n/k/a; MCDERMOTT INTERNATIONAL LTD.; CHIYODA INTERNATIONAL CORPORATION; and PSRG, INC., | ) ) ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) |  |

## ORDER ON (I) MOTIONS TO DISMISS
## THE SUBROGATION ACTIONS AND (II) RELATED CLAIM OBJECTION

For the reasons stated on the record at the hearing held before this Court on November 18,

2024, **IT IS HEREBY ORDERED THAT**:

1.      All claims asserted in the adversary proceeding number 24-03189 and the

adversary proceeding number 24-03190 are dismissed.

2.      Proofs of Claim numbers 1562, 1564, and 1579 are disallowed.

3.      This single order concerns the two adversary proceedings and the main case.  The Court recommends that any appellate court consolidate these matters for appeal.

4.      The terms and conditions of this Order are immediately effective and enforceable upon its entry.

5.      This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Signed:  November 20, 2024

_____
Marvin Isgur
United States Bankruptcy Judge

# Exhibit B

```
 1                 UNITED STATES BANKRUPTCY COURT
                   SOUTHERN DISTRICT OF TEXAS
 2                      HOUSTON DIVISION

 3                                  )  CASE NO: 24-90377-mi
                                    )
 4    ZACHRY HOLDINGS, INC.,        )  Houston, Texas
                                    )
 5              Debtor.             )  Monday, November 18, 2024
                                    )
 6                                  )  8:59 a.m. to 11:15 a.m.
      ------------------------------)
 7    FLNG LIQUEFACTION, LLC,       )  CASE NO: 24-03189-mi
      ET AL.,                       )  ADVERSARY
 8                   Plaintiffs,    )
                                    )
 9          Vs.                     )
                                    )
10    ZACHRY INDUSTRIAL INC.,       )
      ET AL.,                       )
11                   Defendants.    )
      ------------------------------)
12    ALLIANZ GLOBAL RISKS US       )  CASE NO: 24-03190-mi
      INSURANCE CO. ET AL.,         )  ADVERSARY
13                   Plaintiffs,    )
                                    )
14          Vs.                     )
                                    )
15    ZACHRY INDUSTRIAL, INC.,      )
      ET AL.,                       )
16                   Defendants.    )
      ------------------------------)
17    FLNG LIQUEFACTION LLC, ET AL.,)  CASE NO: 24-03195-mi
                     Plaintiffs,    )  ADVERSARY
18                                  )
            Vs.                     )
19                                  )
      CB&I INC. ET AL.,             )
20                   Defendants.    )
      ------------------------------)
21

22                             HEARING

23             BEFORE THE HONORABLE MARVIN ISGUR
                 UNITED STATES BANKRUPTCY JUDGE
24

25
```

```
 1   APPEARANCES:

 2   For the Debtor:          CHARLES R. KOSTER
                              White & Case LLP
 3                            609 Main Street
                              Houston, TX 77002
 4
                              JOHN THOMAS
 5                            Hicks Thomas LLP
                              700 Louisiana Street,
 6                            Houston, TX 77002

 7   For FLNG and             KENNETH GREEN
     Pfs. in Adv. 3189:       Bonds Ellis Eppich Schafer
 8                            Jones LLP
                              950 Echo Lane
 9                            Houston, TX 77024

10   For Pfs. in Adv. 3189:   KEVIN HOOD
                              Zabel Freeman
11                            1135 Heights Blvd.
                              Houston, TX 77008
12
     For Allianz:             EVAN MALINOWKSI
13                            Denenberg Tuffle
                              2245 Texas Drive
14                            Sugar Land, TX 77479

15   For Chiyoda:             CHARLES JONES
                              MARTHA WYRICK
16                            Haynes and Boone, LLP
                              2801 N. Harwood Street
17                            Dallas, TX 75201

18   For FLNG Plaintiffs:     MICHAEL FISHEL
                              CHRIS TAYLOR
19                            King & Spalding LLP
                              1100 Louisiana Street
20                            Houston, TX 77002

21   For CB&I:                JACK MASSEY
                              MATTHEW RAWLINSON
22                            Baker & McKenzie
                              800 Capitol
23                            Houston, TX 77002

24

25
```

```
 1    Court Reporter:            UNKNOWN

 2    Courtroom Deputy:          UNKNOWN

 3
      Transcribed by:            Veritext Legal Solutions
 4                               330 Old Country Road, Suite 300
                                 Mineola, NY 11501
 5                               Tel: 800-727-6396

 6

 7
      Proceedings recorded by electronic sound recording;
 8    Transcript produced by transcription service.

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    as a basis of what Zachry or any other joint venture

2    required per a contract to cover the construction period and

3    then any defective work that was corrected prior to.  That's

4    not what brings us here.  That's not the basis of this

5    lawsuit, and therefore plaintiffs argue that that waiver

6    does not apply.

7            THE COURT:  Thank you, sir.  All right.  I am

8    granting the motion to dismiss the claims by the insurers.

9    They have no standing to be here.  They are not subrogated

10   to any of the right to the debtor.  I don't think that this

11   is an ambiguous contract.  The measure by which they were

12   required to maintain insurance without subrogation rights

13   ran through the end of the defect correction period.  The

14   argument that it also entailed what was covered in the

15   defect correction misses the point.

16           The point is they were required to provide the

17   insurance.  It was required not to have subrogation

18   provisions, and it was required to be provided through the

19   end of the defect correction period.  Any such insurance had

20   to have the waiver of subrogation.  I don't think the

21   insurers, therefore, have standing to bring their lawsuits,

22   and I am dismissing the subrogation lawsuits.

23           As to the motor suit, I want to go back and reread

24   it frankly.  I have difficult time imagining that if I read

25   it not to include allegations sufficient to over gross

1    negligence that I would not give an opportunity to amend,

2    frankly.  But I want to go read it again before I decide

3    whether it sufficiently pleads gross negligence.  Go ahead,

4    Mr. Thomas.  You look like you need to talk to me pretty

5    badly, but...

6         MR. THOMAS:  No, Your Honor.  No, Your Honor.

7    Just before you finish I wanted to ask two things.  One is

8    may I give you a copy of this deck that summarizes those

9    provisions that may be relevant to your review?

10        THE COURT:  Yes, please do.

11        MR. THOMAS:  I'll give opposing counsel copies as

12    well.

13        THE COURT:  Thank you.  Mr. Jones?

14        MR. JONES:  Your Honor, Charlie Jones, Haynes and

15    Boone on behalf of Chiyoda International.  I just want to

16    clarify that your dismissal of the insurance subrogation

17    (indiscernible), the 189 and the 190, applies to all

18    defendants?

19        THE COURT:  Yes.

20        MR. JONES:  Okay.  Thank you.

21        THE COURT:  Yes.  Absolutely.  And it's a full

22    dismissal.  It's not a partial dismissal.  I don't think

23    they have standing to bring this lawsuit.

24        MR. JONES:  Would you like us to prepare an order

25    for Your Honor?

1          THE COURT:  I'm going to just prepare a one-

2    sentence order.  It's going to say for the reasons set forth

3    on the record, this case is dismissed.

4          MR. JONES:  Thank you, Judge.

5          THE COURT:  Thank you.  All right.  Let's go to

6    the other matters that we have on the calendar in the main

7    case.  Mr. Koster?

8          MR. KOSTER:  Your Honor, for the record, Charles

9    Koster for the debtors.  Turning the claims objections that

10   were filed in the main case, Your Honor's ruling of a moment

11   ago I think should make this much simpler.  And recognizing

12   that you'll be reviewing again the pleadings related to the

13   motor defect case, I believe without rehashing any of the

14   arguments made by counsel and recognizing that we're simply

15   here on a scheduling conference, we've made it to these

16   claims objections, that counsel had indicated at the

17   (indiscernible) that all information related to the gross

18   negligence allegations is set forth in the pleading and

19   admitted that the installation issue is inseparable from the

20   motor issues themselves.

21          And on that basis, at least my simple mind fails

22   to understand how it could possibly gross negligence to get

23   around to --

24          THE COURT:  So I -- there is zero briefing before

25   me about dual independent causes that would've caused the

1    failure.  I definitely am not going to go out on a limb of

2    guessing at what I think tort law ought to be without any

3    briefing on that so that you know, Mr. Koster.  I understand

4    because I stated your argument for you, but he says I think,

5    look, even if the motor had been defective, if it had been

6    installed right, it wouldn't have caused these huge bolts to

7    fall down and destroy the motor casing.  And that's

8    defective work.

9          That's not the defective motor.  And so that's an

10   independent cause where even if you had one defect, at least

11   some of the damage from the other defect would've occurred.

12   So how do I grapple with that without -- my tort expertise

13   is limited, right?

14         MR. KOSTER:  Understood entirely, Your Honor, and

15   I think that your ruling and your comments just now make

16   clear that this a far narrower dispute that was just an hour

17   ago and the issues that we'll be taking up in connection

18   with the claims objections and the discovery, if any, that

19   may be needed that go to causation can presumably be done

20   very quickly.

21         We had attempted in advance of this hearing to

22   come up with an agreed schedule with the plaintiffs related

23   to resolution of these issues through the claims objections.

24   The debtors have no interest or intent of depriving any of

25   the parties of all of the rights that they would have in

1    connection with the litigation of the issues on the merits

2    in the adversary proceedings.  That said, as Your Honor is

3    well aware, we hope to resolve these issues entirely in

4    connection with confirmation.  And we think that there is no

5    reason that the parties can't agree to a relatively fast

6    schedule for all necessary --

7            THE COURT:  So let me ask this.  I hear what

8    you're saying.  I do think this landscape changes a bit

9    today.  Can we come back at 11 this morning after you have a

10   chance to confer with opposing counsel and figure out what

11   you all jointly propose that we do or separately propose?

12   But I don't think I need to hear, you know, the back and

13   forth.  I think you all need to talk at this point.

14           MR. KOSTER:  That's a great suggestion from the

15   debtor's perspective.  11 is absolutely fine.

16           THE COURT:  Can you still meet at 11?

17           MAN:  Yes, Your Honor.

18           THE COURT:  Okay.  We'll take a break and let you

19   all come back at 11 on that issue.  Hold on.  We still have

20   the 9:30 hearing on your emergency motion for an order

21   authorizing expansion of the LLC.  I figured we'd have

22   everybody here and didn't need much notice.  So the real

23   issue is whether anybody's going to object to this.  Do we

24   have any objections at all to allowing the expansion of the

25   letter of credit?  Anyone on the phone please press 5 star.

1          I think this is ordinary course, frankly, and I

2     appreciate your coming.  I don't mean it that way.  But it

3     means I don't think I need any real time to think through

4     this.  It makes so much sense.  It's a fairly nominal amount

5     given the context of the case and I should have everybody

6     here today because this is an essential hearing.  So I want

7     to know if anyone objects.  If not, I'm going to grant 1426.

8     Okay.  I'm granting 1426.  We'll get that done.  We're in

9     recess in this case until 11.  We've got a -- Mr. Green?

10          MR. GREEN:  If I might say one thing, Your Honor?

11          THE COURT:  Yes, sir.

12          MR. GREEN:  I would stick around until 11, but I

13     believe your ruling on the adversary would also dispose of

14     the FLNG subrogation claimants' proofs of claim --

15          THE COURT:  I agree.

16          MR. GREEN:  -- for the same reason.

17          THE COURT:  You don't need to be here at 11 if you

18     don't want to.

19          MR. GREEN:  But there is one thing I want to say

20     though.  It may be unavoidable that if the subrogate

21     insurers want to appeal, there may have to be two appeals.

22          THE COURT:  Right.

23          MR. GREEN:  It would be more efficient if there

24     was a way to only have one appeal, but that was the only

25     comment I wanted to make.

```
 1          THE COURT:  I'm not going to rule on all the other
 2   -- look, I think the policy and its interpretation is really
 3   complex, and it -- the subrogation is really obvious.  So --
 4          MR. GREEN:  What I meant was you have a ruling in
 5   the adversary proceeding and there'll be a separate ruling
 6   in the main case on the claim objection.
 7          THE COURT:  Why don't I do one order then that
 8   we'll file in both that says this disposes of the claim
 9   objection and the claim is allowed at zero?  I'm sorry.  I
10   misunderstood what you were saying.  Yes.  We'll make it a
11   single -- yeah.  What I don't want to end up ruling on are
12   the complexities of the interpretation of the other
13   provisions of the contract as to whether you might have a
14   good liability claim, or whether it's waived, or all of that
15   stuff.
16          So we'll deal with that.  And then instead of a
17   one-sentence order, it'll be a two-sentence order.  Would
18   you all rather just agree on that two-sentence order to be
19   sure you get a unitary appeal?  Because I do want to do that
20   for you.
21          MR. GREEN:  Okay.  Thank you.
22          THE COURT:  And just would you all upload an order
23   that is consistent that would allow a single appeal for
24   both?  Does that work?
25          MR. GREEN:  Yes, Your Honor.
```

```
1              THE COURT:  Okay.  Thank you all.  We're in recess
2    then until 11 in this case.  I'm going to stay out here.  I
3    have a 10:30 hearing on another case.  Thank you.
4              (Recess)
5              THE COURT:  Now let's go back to the FLNG matters.
6    Did you all reach an agreement on what to do?
7              MR. KOSTER:  Good morning again, Your Honor.  For
8    the record, Charles Koster for the debtors.  We appreciate
9    the time that Your Honor afforded us to work on a schedule.
10   At this time we would propose the following.  We would like
11   to continue the scheduling conference for a time ideally
12   next Monday if that works for Your Honor.
13             THE COURT:  Monday the 18th?
14             MR. KOSTER:  Monday the 25th.
15             THE COURT:  I'm sorry.  The 25th.  All right.
16   What time?
17             MR. KOSTER:  Whenever Your Honor has availability
18   for us is just fine from the debtor's perspective.
19             THE COURT:  I'm going to be out next week, so I
20   would prefer this to be a phone-and-video-only hearing.
21             MR. KOSTER:  Absolutely.
22             THE COURT:  I could make it in if I need to be,
23   but if it's just a scheduling conference I would prefer not
24   to, to be frank about.
25             MAN 1:  Remote is preferable for the debtors as
```